UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE TIMOTHY STEVENSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:15-cv-0463-CKD<br><br><br><br>ORDER |

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. ECF No. 30. Plaintiff seeks fees in the amount of $6,885.38 based on 36.3 hours at the rate of $189.68 per hour for attorney time spent in pursuing this action.[1] Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that plaintiff cannot be compensated for hours spent on issues not reached by the court in deciding the motion for summary judgment. In addition, defendant contends any fee that is awarded must be made payable to the plaintiff.

---

[1] Plaintiff claims in his initial motion for EAJA fees that his counsel spent a total of 34.8 hours in pursuing this action, but asserts in his reply to defendant's opposition to his motion that his counsel spent an additional 1.5 hours in reviewing defendant's opposition and drafting a reply. Accordingly, plaintiff requests fees based on a total of 36.3 hours of his attorney's work.

1

A.  <u>Substantial Justification</u>

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action.  An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).  In this case, the matter was remanded under sentence four for further administrative proceedings pursuant to the order of the court on cross-motions for summary judgment.  <u>See</u> ECF No. 28.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds that the position of the United States was substantially justified.  <u>Flores v. Shalala</u>, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government.  <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001).  In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person.  That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.  <u>Id.</u> at 565.  A position does not have to be correct to be substantially justified.  <u>Id.</u> at 566 n.2; <u>see also</u> <u>Russell v. Sullivan</u>, 930 F.2d 1443, 1445 (9th Cir. 1991), <u>receded from on other grounds</u>, <u>Sorenson v. Mink</u>, 239 F.3d 1140 (9th Cir. 2001); <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  <u>Barry v. Bowen</u>, 825 F.2d 1324, 1331 (9th Cir. 1987), <u>disapproved on other grounds</u>, <u>In re Slimick</u>, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  <u>Andrew v. Bowen</u>, 837 F.2d 875, 880 (9th Cir. 1988).

Defendant contends the government's position was substantially justified.  In support of this contention, defendant makes two arguments.  First, defendant argues that the court remanded

this action based on only one of the three issues raised in the parties' cross-motions for summary judgment and declined to address the other two, therefore limiting plaintiff from recovering EAJA fees based on the two unadjudicated challenges.  While defendant is correct that fees may not be awarded with respect to issues not addressed by the reviewing court, see Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010), defendant's argument does not actually address whether her position was substantially justified.  Accordingly, defendant's first argument is not well taken insofar as it is asserted in support of her claim that the government's position was substantially justified.

Second, with respect to the issue of the ALJ's failure to develop the record — the sole issue adjudicated and the basis on which the court remanded this action — defendant asserts that its position was substantially justified because although the court found that there did not exist substantial evidence in the record to support the ALJ's RFC determination, the ALJ still based that determination on an assessment of all of the evidence in the record and reasonably concluded that further development of the record was not necessary.  Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, defendant's argument in this instance is unavailing.  As discussed in the order remanding this action for further proceedings, the ALJ based his RFC determination on the sole medical opinion in the record, which was issued by a nonexamining physician who only reviewed the limited medical evidence developed between November 2008 and June 2010.  That evidence — and, in turn, the nonexamining physician's opinion based on a review of that evidence — did not address plaintiff's alleged spinal impairments that primarily formed the basis for plaintiff's claim of disability.

The evidence in the record regarding the development of plaintiff's spinal impairments was established between November 2011 and May 2014, well after December 20, 2010, the date on which the nonexamining physician issued his opinion.  There was no medical opinion in the record addressing the nearly three years' worth of medical evidence indicating that plaintiff had developed severe spinal impairments.  Despite this fact, the ALJ did not attempt to obtain a medical opinion addressing that evidence.  Instead, he made an independent evaluation of that

evidence and improperly substituted his judgement for that of a medical expert regarding the impact of plaintiff's spinal impairments.  Such practice clearly contravened the relevant case law preventing an ALJ from substituting his own judgement for that of a medical expert and establishing an ALJ's special duty to ensure that the record is fully and fairly developed before rendering a decision.  See Tonapetyan v. Halter, 242 F.3d 1144, 1151 (9th Cir. 2001); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975); Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996).  Accordingly, the government's position in defending the ALJ's erroneous conduct was not substantially justified and fees under the EAJA will be awarded.  See Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("[T]he defense of basic and fundamental errors . . . is difficult to justify.").

   B.  Reasonable Fee

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant does not contest the hourly rate claimed but contends the fee award provisions of EAJA are not available with respect to issues not actually adjudicated.  This contention is well taken.  See Hardisty, 592 F.3d at 1079.  In remanding this matter for further administrative proceedings, the court found dispositive the ALJ's error in determining the functional impact of plaintiff's spinal impairments without obtaining medical opinion evidence addressing those impairments.  The court declined to address the other two issues raised in plaintiff's motion for summary judgment.  With respect to plaintiff's counsel's time reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, as well as the time expended on tasks as set forth in counsel's schedule of hours, the court has determined the hours claimed are reasonable.  The court has determined, however, that three of the hours claimed with regard to the drafting of plaintiff's motion for summary judgment and reply to defendant's cross-motion for summary

////

////

judgment were devoted to issues not addressed by the court.[2]  Accordingly, the number of hours compensated will be reduced to 33.3 hours at the hourly rate of $189.68, for a total of $6,316.34. The court notes that plaintiff has executed an assignment of EAJA fees to plaintiff's counsel. ECF No. 30-3.  The EAJA award must be made by this court to plaintiff, and not to counsel.  See Astrue v. Ratliff, 560 U.S. 586 (2010).  Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees under the EAJA is GRANTED IN PART.
2. Plaintiff is awarded attorneys' fees in the total amount of $6,316.34 pursuant to the EAJA.  If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

Dated: March 14, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 stevenson0463.fee-eaja

---

[2] The court bases this determination on plaintiff's counsel's stated hours spent drafting plaintiff's motion for summary judgment with respect to the unadjudicated issues and the apparent amount of time plaintiff's counsel spent on those issues when drafting plaintiff's reply to defendant's cross-motion for summary judgment.